UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------

CRISTIAN COLON,

                Plaintiff,

    v.                                                        9:13-CV-1546
                                                                   (DNH/ATB)

CAPTAIN HOLDRIDGE, Clinton Correctional Facility;
LIEUTENANT ALLEN, Clinton Correctional Facility; and
K. NORCROSS, ASAT PA., Clinton Correctional Facility,

                Defendants.
------------------------------------------------------------

APPEARANCES:

CRISTIAN COLON
08-A-6183
Plaintiff, pro se
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

DAVID N. HURD
United States District Judge

## DECISION and ORDER

      Plaintiff Cristian Colon commenced this action by submitting a pro se civil rights complaint. Dkt. No. 1 ("Compl."). Plaintiff requested leave to proceed in forma pauperis. Dkt. No. 2 ("IFP Application"). In a Decision and Order filed on September 30, 2014, plaintiff's IFP Application was granted, and after reviewing the sufficiency of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), it was found that the following claims survived sua sponte review: the First Amendment retaliation claims against defendants Allen and Norcross and the Fourteenth Amendment due process claim against

defendant Holdridge. *See generally* Dkt. No. 11 (the "September Order").[1] However, it was noted that plaintiff's due process claim against defendant Holdridge implicated the validity of plaintiff's disciplinary conviction and sentence, because plaintiff was subjected to mixed sanctions affecting both the duration (i.e., recommended loss of good time) and the conditions of his confinement. *Id*. at 13. Since plaintiff had not demonstrated that his loss of good time had been invalidated, the "favorable termination" rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), barred prosecution of plaintiff's due process claim unless plaintiff agreed to "abandon[ ], not just now, but also in any future proceeding, any claims he may have with respect to the duration of his confinement that arise out of the proceeding he is attacking in [this] § 1983 suit." September Order at 11 (quoting *Peralta v. Vasquez*, 467 F.3d 98, 104 (2d Cir. 2006)).[2]

Therefore, the September Order directed plaintiff to advise in writing, within thirty (30) days of the filing date of the September Order, whether he was willing to waive for all times all claims in this action relating to disciplinary sanctions affecting the duration of his confinement (i.e., the loss of good time) in order to proceed with his claims challenging the sanctions affecting the conditions of his confinement. Plaintiff was advised that it would deem his failure to file this statement (the "*Peralta* Waiver") within the required time to constitute his refusal to waive these claims, and such failure would result in the dismissal of

---

[1] All other claims and defendants were dismissed. *See* September Order at 12.

[2] In *Peralta*, the Second Circuit ruled that *Heck*'s "favorable termination" rule was not an absolute bar to a prisoner subject to "mixed sanctions," i.e., "sanctions that affect both (a) the duration of his imprisonment and (b) the conditions of his confinement . . . ." *Peralta*, 467 F.3d at 104. The Second Circuit held that "a prisoner subject to such mixed sanctions can proceed separately, under § 1983, with a challenge to the sanctions affecting his conditions of confinement without satisfying the favorable termination rule, *but . . . he can only do so if he is willing to forgo once and for all any challenge to any sanctions that affect the duration of his confinement*." *Id*. (emphasis in original).

2

his Fourteenth Amendment due process claim against defendant Holdridge without prejudice.

Currently pending is plaintiff's response to the September Order, namely his *Peralta* Waiver. Dkt. No. 12. Plaintiff states that he " waive[s] for all times all claims in this action relating to disciplinary sanctions affecting the duration of [his] confinement" in order to "allow[ ] [his] Fourteenth Amendment due process claims against defendant Holdridge arising from [his] Tier III hearing to proceed." *Id*. at 1. Based upon plaintiff's *Peralta* Waiver (Dkt. No. 12), all claims set forth in the complaint relating to the loss of good time, or otherwise affecting the duration of plaintiff's confinement are dismissed with prejudice. Service of the complaint is directed on (1) defendant Holdridge with respect to plaintiff's Fourteenth Amendment due process claim against him affecting his conditions of confinement and (2) defendants Allen and Norcross with respect to the First Amendment retaliation claims against them.

Therefore, it is

ORDERED that

1. Pursuant to plaintiff's *Peralta* Waiver (Dkt. No. 12), all claims set forth in the complaint relating to plaintiff's loss of good time, or otherwise affecting the duration of plaintiff's confinement, are **DISMISSED with prejudice**;

2. Upon receipt from plaintiff of the documents required for service of process, the Clerk shall issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service upon defendants Holdridge, Allen, and Norcross. The Clerk shall forward a copy of the summons and complaint by mail to the Office of the New

York State Attorney General, together with a copy of this Decision and Order;

 3. A response to the complaint be filed by defendants Holdridge, Allen, and Norcross, or their counsel, as provided for in the Federal Rules of Civil Procedure;[3]

 4. All pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of it was mailed to all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be stricken from the docket.**  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Plaintiff is also required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do so may result in the dismissal of this action.**  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the court; and

 5. The Clerk serve a copy of this Decision and Order on plaintiff.

 IT IS SO ORDERED.

---

[3] The claims that require a response are the First Amendment retaliation claims against defendants Allen and Norcross and the Fourteenth Amendment due process claim against defendant Holdridge.

4

_____
United States District Judge

Dated: October 27, 2014
      Utica, New York.